# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE SMITH, SR.,**
        Plaintiff,

v.                                          Case No. 12-CV-01280

**POTAWATOMI BINGO CASINO,**
        Defendant.

## DECISION AND ORDER

Pro se plaintiff Willie Smith brings this lawsuit against defendant Potawatomi Bingo Casino, which is owned and operated by an Indian tribe, the Forest County Potawatomi Community. Defendant moves to dismiss the case for lack of jurisdiction and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1), (2) and (6).

The allegations in the complaint are as follows: Plaintiff worked in the casino's housekeeping department for 13 years. After he completed his first year of work, he was promised a $1.00 raise (from $7.00 to $8.00), but he received a raise of only $0.11. Then, in September 2011, defendant held a meeting with all of its employees to discuss wages. At this meeting, plaintiff asked whether the "pay system" might be "discriminatory." (Compl. 3, ECF No. 1.) He did not receive an answer to his question. A month later, in October 2011, he was laid off. He seeks $27,000 in back pay plus interest.

It appears that plaintiff is attempting to bring a claim for breach of contract and a claim for retaliation for complaining about discrimination under Title VII. Defendant moves to dismiss these claims because it is a federally recognized Indian tribe that is immune from suits for damages in this court. I will grant the motion to dismiss on this ground.

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). This doctrine of tribal sovereign immunity protects a tribe from lawsuits related to its governmental and commercial activities both on and off a reservation, unless "Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs.*, 523 U.S. 751, 754 (1998); *see also C&L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 414 (2001). Since plaintiff concedes that defendant is an arm of an Indian tribe and does not claim that defendant has waived its immunity or that any federal statute abrogates it, I must dismiss his complaint. *See also* 42 U.S.C. § 2000e(b) (excluding "Indian tribe[s]" from the definition of "employers" subject to Title VII's requirements).

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (Docket #4) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge